IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RBH ENERGY, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-121-L** |
| | § | |
| **BGC PARTNERS, INC. and NEWMARK** | § | |
| **& COMPANY REAL ESTATE, INC. d/b/a** | § | |
| **NEWMARKS GRUBB KNIGHT FRANK,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant BGC Partners, Inc.'s Motion to Dismiss Plaintiff RBH Energy, LLC's Amended Complaint (Doc. 15), filed March 30, 2017. After considering the motion, briefs, pleadings, and applicable law, the court **denies** Defendant BGC Partners, Inc.'s Motion to Dismiss Plaintiff RBH Energy, LLC's Amended Complaint (Doc. 15).

**I.  Factual and Procedural Background**

On January 11, 2017, Plaintiff RBH Energy, LLC ("Plaintiff") brought this action against Defendants BGC Partners, Inc. ("BGC") and Newmark & Company Real Estate, Inc. ("NGKF") (collectively, "Defendants"). In its Amended Complaint, Plaintiff alleges that Defendants are liable for direct and contributory copyright infringement under 17 U.S.C. § 501(a). Plaintiff seeks to recover actual damages or statutory damages, attorney's fees, costs, prejudgment and postjudgment interest, and an injunction to enjoin Defendants from reproducing, administering, displaying, or publishing RBH's copyrighted work(s) in violation of Plaintiff's "U.S. Copyright No. VAu 1-111-482 ('Copyright') titled Brian Harness Photography Collection 2012 Vol. I." Pl.'s Am.

Compl. ¶ 10. BGC contends that, under Federal Rule of Civil Procedure 12(b)(6), it is entitled to dismissal of the direct and contributory copyright infringement claims asserted against it in Plaintiff's Amended Complaint.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

*Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not

**Memorandum Opinion and Order – Page 3**

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Analysis

In its motion to dismiss, BGC contends that the allegations in the Amended Complaint are insufficient to support claims for direct or contributory copyright infringement against it as NGKF's parent company, and the Amended Complaint does not contain sufficient allegations to pierce the corporate veil between Defendants to hold BGC responsible for any allegedly infringing conduct of NGKF under an alter ego theory.

Plaintiff responds that BGC incorrectly assumes that it must allege and prove alter ego to pierce the corporate veil between BGC and NGKF to proceed with its direct and contributory copyright infringement claims against BGC. Plaintiff argues that there is no such requirement, and its copyright infringement allegations with respect to BGC as pleaded are sufficient to state plausible claims for relief. Plaintiff contends that BGC's motion should be denied because it is an improper request for the court to dismiss the copyright infringement claims against BGC based on the assumption that NGKF is solely liable, although such an assumption is not supported by the

allegations in the Amended Complaint. Plaintiff asserts that "BGC cannot recast RBH's Amended Complaint, inventing a cause of action RBH has not alleged, and then seek to dismiss the entire complaint based on that imaginary cause of action." Pl.'s Resp. 5. Plaintiff further asserts that, to the extent Defendants intend to defend against the claims asserted by arguing that NGKF is solely responsible for the infringement of Plaintiff's copyrighted image, resolution of that defense or issue is not appropriate in ruling on BGC's motion to dismiss Plaintiff's claims under Rule 12(b)(6).

The court agrees with Plaintiff, and after considering BGC's Motion to Dismiss, the parties' briefs, the pleadings, and applicable law, it determines that the allegations in Plaintiff's Amended Complaint are sufficient to raise a right to relief against BGC above the speculative level, such that BGC may be liable for the copyright infringement claims asserted against it. Accordingly, resolution of the matters presented is better suited for summary judgment or trial. The court, therefore, **denies** Defendant BGC Partners, Inc.'s Motion to Dismiss Plaintiff RBH Energy, LLC's Amended Complaint (Doc. 15).

## IV. Conclusion

For the reasons stated, the court **denies** Defendant BGC Partners, Inc.'s Motion to Dismiss Plaintiff RBH Energy, LLC's Amended Complaint (Doc. 15).

**It is so ordered** this 8th day of January, 2018.

_____
Sam A. Lindsay
United States District Judge